IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANK H. CARBER, III, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF MARJORIE A. CARBER, AND CHRISTINE CARBER AND ROBERT CARBER, INDIVIDUALLY, <br><br> Plaintiffs, <br><br> v. <br><br> MANOR CARE OF WILMINGTON DE, LLC and HCR III HEALTHCARE, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) C.A. No. 1:23-cv-320-SRF ) ) ) ) ) ) ) |

Joshua J. Inkell, Daniel Patrick Hagelberg, HUDSON, CASTLE, & INKELL, LLC, Wilmington, DE.

   Attorneys for Plaintiffs.

Geoffrey Graham Grivner, Kody M. Sparks, BUCHANAN INGERSOLL & ROONEY, PC, Wilmington, DE.

   Attorneys for Defendants.

**MEMORANDUM OPINION**

September 27, 2024
Wilmington, Delaware

**FALLON, U.S. MAGISTRATE JUDGE:**

This personal injury action was filed in the Superior Court of the State of Delaware on September 15, 2022, (D.I. 1, Ex. A) by the Plaintiffs, Frank S. Carber, III, individually and on behalf of the estate of Marjorie A. Carber ("Decedent"), Christine Carber, and Robert Carber (collectively "Plaintiffs") (D.I. 1 at ¶ 1) The Defendants, Manor Care of Wilmington DE, LLC ("Manor Care") and HCR III Healthcare, LLC ("HCR") (collectively, "Defendants") thereafter timely removed to the District Court for the District of Delaware on March 23, 2023. (D.I. 1) Presently before the court is Defendants' motion to dismiss the first amended complaint ("FAC"), for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

This case was referred to the undersigned Magistrate Judge on January 24, 2024. (D.I. 17) On February 6, 2024, the parties consented to jurisdiction of the undersigned Magistrate Judge to conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (D.I. 18) This court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. For the reasons that follow, Defendants' motion to dismiss is **GRANTED in PART and DENIED in PART.**

**I.    BACKGROUND**

The FAC alleges claims for personal injury and wrongful death arising from Defendants' negligent care of Decedent while she was a resident of the Manor Care facility from October 18, 2020, to January 19, 2021. (*See* D.I. 11 at ¶¶ 24–40)

---

[1] The briefing submitted for this motion is found at D.I. 13, D.I. 15, and D.I. 16.

In summary, the Decedent was admitted to Manor Care for rehabilitation following her hospitalization for multiple fractures that she sustained from a fall at her home. (*Id.* at ¶ 24) Decedent's rehabilitation was expected to take three or four weeks. (*Id.* at ¶ 26) Plaintiffs contend that Defendants failed to provide reasonable rehabilitative care and instead of recuperating, the Decedent fell six more times (*Id.* at ¶¶ 64–112), developed a necrotic pressure ulcer on her sacrum (*Id.* at ¶¶ 43–44), and had repeated and prolonged exposure to COVID-19 while residing at the nursing facility. (*Id.* at ¶¶ 124–27)  It is further alleged that her death on January 29, 2021, was due to complications from COVID-19. (*Id.* at ¶¶ 123–24)

On May 8, 2023, Plaintiffs filed the FAC (D.I. 11) mooting the first motion to dismiss. (D.I. 6)  The FAC asserts four counts:  Count I asserts a survival claim for medical negligence pursuant to 10 *Del. C.* §§ 3701 and 3704 for care provided to Decedent, while a patient at Manor Care. (D.I. 11 ¶¶ 129–33)  Count II asserts a breach of fiduciary duty, on the basis that a special relationship of care, and dependence allegedly existed between Decedent and Defendants. (D.I. 11 ¶¶ 134–43)  Count III asserts negligence *per se* pursuant to alleged violations of 16 *Del. C.* § 1131(11)[2] and 16 *Del. C.* § 1136 (prohibiting knowing or reckless neglect, abuse, or mistreatment of nursing home residents). (D.I. 11 ¶¶ 144–51)  Count IV asserts wrongful death pursuant to 10 *Del. C.* § 3724. (D.I. 11 ¶¶ 152–54)

Defendants moved to dismiss the FAC on May 22, 2023. (D.I. 12)  Defendants' motion to dismiss was fully briefed on June 13, 2023, and is ripe for review. (D.I. 16)

---

[2] The parties cite to 16 *Del. C.* § 1131(11) within their complaint, however the text of the complaint reflects the language of 16 *Del. C.* § 1131(12). (D.I. 11 at ¶ 146)

3

## II.     LEGAL STANDARD

Rule 12(b)(6) permits a party to seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). In assessing the plausibility of a claim, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555–56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). "[A] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.* at 231.

4

## III. DISCUSSION

First, Defendants argue that the FAC should be dismissed in its entirety because it is a "shotgun pleading" that violates the notice pleading requirements of Federal Rules of Civil Procedure 8(a)(2) and 10(b). (D.I. 13 at 3–9) Next, HCR individually asserts that all claims against it should be dismissed because the FAC fails to allege its personal involvement in Decedent's rehabilitative care while she was a resident of Manor Care. (*Id.* at 9–10) Finally, both Defendants argue that Counts II through IV of the FAC fail to state a claim on which relief may be granted. (*Id.* at 10–15)

### A. "Shotgun Pleadings"

Defendants argue that the FAC must be dismissed because it is a shotgun pleading. The Defendants rely on authority from the Eleventh Circuit which established the generally accepted definition of a shotgun pleading as a: "[pleading] that [] fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1324 (11th Cir. 2015).

Courts in this Circuit have adopted a similar characterization of shotgun pleadings. *See Adger v. Carney*, C.A. No. 18-2048-LPS, 2020 WL 1475422, at *7 (D. Del. Mar. 26, 2020) (quoting *Litwak v. Tomko*, 2018 WL 1378633, at *5 (M.D. Pa. Mar. 19, 2018) ("a [shotgun] pleading does not give defendants adequate notice of the claims brought against them and the grounds upon which each claim rests."). The *Weiland* court categorized "shotgun pleadings" into four types:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that does not separat[e] into a different count each cause of action or

5

claim for relief; and (4) a complaint that assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017) (quoting *Weiland*, 792 F.3d at 1321–23) (internal citations omitted).

Defendants contend that the FAC fits the foregoing definition of a shotgun pleading for three reasons. First, they argue that the FAC makes only conclusory and vague allegations and that all claims are asserted against "Defendants" without describing specific actions undertaken solely by Manor Care or HCR. (D.I. 13 at 4–6) Second, Defendants state that the FAC asserts multiple types of liability and causes of action within the same count against both Defendants. (*Id.* at 6–8) Defendants highlight that Count I (Survival Claim) alleges twenty-four (24) separate ways in which they breached duties owed to Decedent. (*Id.* at 7–8) Lastly, Defendants note that each count in the FAC adopts the allegations in the proceeding counts, which makes it difficult to discern which facts correspond to which claim. (*Id.* at 9) Notwithstanding this argument, Defendants acknowledge that the pleadings include ". . . lengthy narrative factual allegations." (D.I. 16 at 6)

Plaintiffs argue that the facts of this case plausibly place Defendants on notice that they are being sued for medical negligence because Manor Care breached the standard of care required of a rehabilitative care provider. (D.I. 15 at 4–5) Furthermore, Plaintiffs argue that the court should not apply the shotgun pleading analysis developed in civil rights cases to a medical negligence case. (*Id.* at 5–6 (citing *Weiland*, 792 F.3d at 1316, 1320–26; *Hynson*, 864 F.2d at 1031 n.13)).

This court finds that the FAC is not a shotgun pleading. The FAC contains 154 paragraphs providing detailed factual support for the claims asserted against the Defendants for their alleged medical negligence and the injuries that resulted from it. But the court's ruling does

6

not rest on the number of paragraphs in the complaint. Rather, it is the adequacy of the notice which controls the outcome of this decision. As explained by another district court in this Circuit, violations of Rules 8 and 10 alone are insufficient to dismiss a complaint if the defendants are on notice of the claims asserted against them. *Alston v. Penn State Health Milton S. Hershey Med. Ctr.*, 2023 WL 5214071, at *3 (M.D. Pa. Aug. 14, 2023) ("[T]echnical violations alone do not warrant dismissing a complaint under Rules 8 or 10. Instead, dismissal is appropriate only where the complaint, construed as a whole, fails to place the defendant on notice of the particular claims asserted."); *see also M.B. v. Schuylkill County*, 375 F. Supp. 3d 574, 587 (E.D. Pa. 2019). Here, the pleadings are adequate to provide notice of the claims brought against them and the grounds upon which each claim rests.

Defendants contend that, notwithstanding the detailed factual allegations, the pleading fails to connect those allegations to the various counts of the FAC. The argument is not persuasive because all counts are grounded upon the detailed factual narrative of the alleged negligent care the Decedent received, while residing at Manor Care. To the extent Defendants argue the respective elements of certain causes of action have not been sufficiently pled, then such counts will be individually evaluated under the *Iqbal* and *Twombly* standard in the following sections, and not dismissed in the aggregate under the label of a shotgun pleading.

Lastly, the court denies Defendants' alternative motion for a more definite statement under Federal Rule of Civil Procedure 12(e) for the reasons stated above. *E.g., Retzlaff v. Horace Mann Ins.*, 738 F. Supp. 2d 564, 568–69 (D. Del. 2010) ("Typically, the court restricts the use of [a motion for a more definite statement] to pleadings suffering from unintelligibility rather than the want of detail." (quotations omitted)).

Accordingly, Defendants' motion to dismiss the FAC as a shotgun pleading is **DENIED**.

7

### B. Claims Against HCR

HCR individually argues that all counts asserted against it in the FAC should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) because the FAC asserts all claims against both it and Manor Care without providing specific facts differentiating HCR's conduct. (D.I. 13 at 9–10) Plaintiffs argue that HCR is the manager of Manor Care and had control over the care facility where Decedent resided. (D.I. 15 at 9–10)

The Court finds that HCR should be dismissed without prejudice. The FAC describes its relationship to Manor Care but stops short of alleging on what basis it should be held vicariously liable for the conduct of Manor Care and its employees. (D.I. 11 at ¶ 10 ("Defendant [HCR] owns, operates and manages Defendant [Manor Care]") There is no allegation of actual or apparent agency nor *respondeat superior* liability. To the extent the Plaintiff argues such theories in the answering brief, it is well settled that a pleading cannot be amended through arguments in a brief. *See Pennsylvania ex rel. v. Zimmerman v. Pepsico*, 836 F.2d 173 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted).

Accordingly, HRC's motion to dismiss is **GRANTED** and all claims against HCR will be dismissed without prejudice and Plaintiffs may move for leave to amend.

### C. Failure to State a Claim

#### 1. Count II - Breach of Fiduciary Duty

Defendants assert that Plaintiffs have failed to state a claim for breach of fiduciary duty, which requires the following elements under Delaware law:

> [A] claim for breach of fiduciary duty requires proof of two elements: (1) that a fiduciary duty existed and (2) that the defendant breached that duty. In deciding whether a fiduciary relationship exists, the Court may consider factors including whether: (1) a party places trust in the faithful integrity of another who thus gains

8

superiority or influence; (2) one party assumes control and responsibility over another; (3) one party has a duty to act or give advice for matters within the relationship; and (4) there is a traditionally recognized fiduciary relationship.

*Gary v. Deluxe Corp.*, 2022 WL 2817864, at *4 (D. Del. July 19, 2022) (alterations in original) (quotations and citations omitted).

"[T]he question of whether or not the particular relationship . . . rise[s] to fiduciary status is one of fact." *Bamford v. Penfold, L.P.*, C.A. No. 20-1632-RGA, 2020 WL 967942, at *8 (Del. Ch. Feb. 28, 2020) (quoting *White v. Lamborn*, 1977 WL 9612, at *4 (Del. Ch. Mar. 15, 1977)) (alterations in original).

Plaintiffs rely upon *Cunningham v. Kentmere Rehabilitation & Healthcare Center, Inc.*, 2021 WL 1157991 (Del. Super. Ct. Mar. 25, 2021), to support their argument that Defendants owed the Decedent a fiduciary duty. In *Cunningham*, the court allowed a breach of fiduciary duty claim to survive dismissal and proceed to discovery in a personal injury case against a nursing home, when the decedent passed away after contracting an infection from a pressure ulcer. *Id.* at ¶¶ 1–5. "Plaintiff specifically claim[ed] that [the decedent] . . . was incapable of caring for herself due to age and infirmities and that she enjoyed a fiduciary relationship with [d]efendant[.]" *Id.* at ¶ 11.

Defendants aver that *Cunningham* is neither binding nor persuasive because *Cunningham* only cites nonbinding authority and because "[t]he Delaware Supreme Court has never recognized the existence of fiduciary duties between a nursing facility and its residents, nor in any similar context." (D.I. 16 at 5) But *Cunningham* did not find that there was a fiduciary relationship between the parties; rather, the court found the plaintiff had pled sufficient facts for her to continue to discovery on the breach of fiduciary duty claim. *See* 2021 WL 1157991, at ¶ 14.

9

Defendants' out-of-district case authorities are distinguishable. In *Howard v. Harper*, 947 So. 2d 854, 862 (Miss. 2006), the case involved claims of fiduciary duties against individual employees of the facility, unlike the instant case. In *Manor Care, Inc. v. Douglas*, 763 S.E.2d 64, 73 (W. Va. 2014), the Supreme Court of Appeals of West Virginia declined to recognize a breach of fiduciary duty claim between a patient and a nursing home. *Id.* at 78. The appeal came before the court following the trial court's denial of the defendant nursing home's post-verdict motion for judgment as a matter of law ("JMOL"). The West Virgina Appeals court reversed the trial court, citing the fact that West Virginia has never recognized a fiduciary duty between a nursing home and a patient, and citing the same *Howard* case relied on by Defendants in this case. *Id.* at 77. Thus, the decision in *Manor Care* was based on a fully developed record through trial and not at the motion to dismiss stage.

Here, viewing the FAC in the light most favorable to the Plaintiffs, the court **DENIES** the motion to dismiss the breach of fiduciary duty claim. Whether the Plaintiffs will be able to satisfy their burden of proof on this claim is not a matter for the court to address at this stage of the proceedings.

### 2. Count III - Negligence *Per Se*

Defendants next argue that Plaintiffs have failed to plead a claim of negligence *per se*. To plead negligence *per se* under Delaware law, Plaintiffs must show four elements:

> First, the plaintiff must show that the statute in question was enacted for the safety of others. Plaintiff must also show a causal connection between the statutory violation and the injury, and, that he was a member of the class of persons the statute set out to protect. In addition, the plaintiff must show that the statute set[s] forth a standard of conduct which was designed to avoid the harm plaintiff suffered. Finally, the plaintiff must show that the defendant violated the statute by failing to comply with that standard of conduct.

*NVF Co. v. Garrett Snuff Mills, Inc.*, 2002 WL 130536, at *2 (Del. Super. Ct. Jan. 30, 2022) (footnotes omitted).

In this case, Plaintiffs allege violations of 16 *Del. C.* §§ 1131(12) and 1136, to support their claim of negligence *per se* in this civil lawsuit. (D.I. 11 at ¶¶ 146–47) Section 1136(a) states in pertinent part that, "[a]ny person who knowingly or recklessly abuses, mistreats, or neglects a patient or [nursing home] resident is guilty of a class A misdemeanor." *See* 16 *Del. C.* § 1136; *see also* 16 *Del. C.* § 1131(12) (generally defining neglect as a lack of attention to the physical or medical needs of the nursing home resident).

Defendants argue that the FAC does not allege the statutory elements or how each element of the statute was violated by Manor Care. (D.I. 13 at 12–13) Plaintiffs allege that although the facts giving rise to violations are not directly under the "Count III" subheading in the FAC, the facts pleaded earlier in the FAC are incorporated by reference into each count and sufficiently plead violations of the above statutes. (D.I. 15 at 11–12)

Defendants' argument ignores the specific facts pleaded in the FAC, and incorporated by reference into Count III, namely, *inter alia*, that Decedent fell six times while in treatment at Manor Care without staff devising new ways to maintain her safety and failed to adequately address Decedent's symptoms of a pressure sore infection, including by failing to keep adequate records and notify providers of her symptoms. (*See, e.g.*, D.I. 11 at ¶¶ 72–73, 110–11); *see also Cunningham v. Kentmere Rehab. & Healthcare Ctr., Inc.*, 2021 WL 1157991, at ¶¶ 19–23 (Del. Super. Ct. Mar. 25, 2021) (allowing a negligence *per se* claim for violations of 16 *Del. C.* § 1136 against a nursing home to continue to discovery).

Construing the facts in the light most favorable to Plaintiffs, these facts are sufficient to allege a cause of action for negligence *per se* under §§ 1131(12) and 1136. Accordingly, Defendants' motion to dismiss Count III of the FAC, pursuant to Rule 12(b)(6) for failure to state a claim, is **DENIED**.

### 3. Count IV - Wrongful Death

Defendants move to dismiss Plaintiffs' wrongful death action on the grounds that Plaintiffs cannot establish that Defendant's conduct proximately caused the Decedent to become fatally ill with COVID-19. Under the wrongful death statute "[a]n action may be maintained against a person whose wrongful act causes the death of another." 10 *Del. C.* § 3722(a). Thus, wrongful death actions in Delaware utilize traditional principles of causation. *See United States v. Cumberbatch*, 647 A.2d 1098, 1103 (Del. 1994). "Delaware's time-honored definition of probable cause has been the but for rule. In Delaware, proximate cause is defined as . . . the direct cause without which the accident would not have occurred. More fully stated, it is to be determined, on the facts, upon mixed considerations of logic common sense, justice, policy and precedent." *Connolly v. Theta Chi Fraternity, Inc.*, 2018 WL 1137587, at *12 (Del. Super. Ct. Feb. 28, 2018) (quoting *Chudnofsky v. Edwards*, 208 A.2d 516, 518 (Del. 1965)) (alterations in original) (quotations and footnotes omitted).

Defendants argue that the Decedent's death from COVID-19 has no connection to the other allegations in the FAC and that Plaintiffs' assertion that Defendants were responsible for Decedent contracting COVID-19 are conclusory. (D.I. 13 at 14–15) Plaintiffs argue that causation is a question of fact that cannot be decided on a motion to dismiss. (D.I. 15 at 12)

Defendants further cite to *Crawford v. Princess Cruise Lines Ltd.*, 2020 WL 7382770, at *6 (C.D. Cal. Oct. 8, 2020), contending that "[p]laintiffs cannot recover based on their mere exposure to individuals with COVID-19[.]" However, this support is misplaced. In that specific context, the Court was referring to a cruise passenger's ability to recover for emotional distress damages. Based upon such facts, the court concluded that a Plaintiff "cannot recover based on their mere exposure to individuals with COVID-19." *Id.* In the instant case, the Plaintiffs have

sufficiently alleged that the Decedent's COVID-19 diagnosis resulted in physical symptoms and further adequately allege these complications led to her death. (D.I. 11 at ¶¶ 124–27)

Construing the pleadings in the light most favorable to Plaintiffs, they have plausibly alleged that Decedent's death was proximately caused by Defendants' negligent conduct. Because causation is determined by a factfinder in Delaware, Defendants' averment that Decedent's falls and infection "ha[s] no temporal or logical connection" to Decedent's contraction of COVID-19 is not properly an issue the court can address on a motion to dismiss. (D.I. 16 at 8); *see also Connolly*, 2018 WL 1137587, at *12.

Accordingly, Defendants' motion to dismiss Count IV of the FAC, pursuant to Rule 12(b)(6) for failure to state a claim, is **DENIED**.

## IV.   CONCLUSION

For the foregoing reasons, the court **GRANT in PART and DENY in PART** Defendants' motion to dismiss. Defendants' motion to dismiss the FAC as a shotgun pleading is **DENIED**. Defendant's motion to dismiss Counts II through IV is also **DENIED**. The motion to dismiss Defendant, HCR, is **GRANTED,** without prejudice.

An Order accompanying this Opinion shall issue.

Dated:  September 27, 2024

13